ROBERTS, Chief Justice
(dissenting).
The Circuit Judge, sitting as an appellate court, was in my opinion eminently correct in holding that the Probate Judge misapprehended the legal effect of the evidence before him, and that such evidence showed that the appellants Mertens, Wickman, Gray and Karas had exercised undue influence in procuring the legacies to themselves in the 1951 will. Indeed, in my opinion, such evidence leads inevitably to the conclusion .that, in the absence of such undue influence, the testatrix would not have revoked her 1950 will, which left her property to those who were the natural and normal objects of her bounty, and substituted therefor the 1951- will, which changed the general testamentary scheme of disposition of her property as made in the 1950 will.. It is my opinion that the execution of the 1951 will was the creature of such undue influence.
Section 731.09, Florida Statutes, F.S.A., provides that “If the revocation of a will, or '-any part thereof, is procured by fraud, duress, menace or undue influence, such revocation shall be void.”
It follows, therefore, that since the 1951 will, containing the revocation of the 1950 will, was procured through the exercise of undue influence, the revocation clause contained in the 1951 will must fail and the 1950 will is the valid testamentary -expression of the decedent and should be probated.
I would affirm in part and reverse in par.t the order of the Circuit Judge here appealed from, with directions that an order be entered directing the probate of the 1950 will.